IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

LANDON MARTINEZ                                                              PLAINTIFF

v.                                                      CIVIL ACTION NO. 3:16-cv-289-GHD-RP

CORRECTIONS CORPORATION OF
AMERICA, INC., *et al.*                                                      DEFENDANTS

## MEMORANDUM OPINION GRANTING IN PART INDIVIDUAL DEFENDANTS' RENEWED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND FOR INSUFFICIENT SERVICE OF PROCESS

Presently before the Court is the Defendants Board of Directors for CoreCivic, Inc. (f/k/a Corrections Corporation of America), Fred Figueroa, Sherry Linzy, Ronald Taylor, Shirley Ramiz, Stephanie Gurley, Marty Thomas, Calvin Stewart, Oaneer Delcid, Patricia Smith, Cathy Burnside, Kamala Grant, Kenneth Little, Charita Short, Scott Brady, Brooke Scallion, William Leavy, and Dennis Austin ("the Individual Defendants")'s Renewed Motion to Dismiss for Failure to State a Claim and for Insufficient Service of Process **[Doc. No. 43]**. Upon due consideration, the Court finds that the motion should be granted in part and the Plaintiff required to properly serve process upon these individuals within sixty days or face dismissal of his claims against them.

### I.    *Factual and Procedural Background*

The Plaintiff, Landon Martinez ("the Plaintiff" or "Martinez") originally filed this Complaint, which alleges a myriad of claims under Section 1983 in relation to events that allegedly transpired while the Plaintiff was incarcerated in Mississippi, in the Southern District of Mississippi. That court subsequently granted the Defendants' motion to dismiss on the basis of improper venue, and transferred the case to this court [*see* Doc. No. 37]. The Individual Defendants have now moved to dismiss the Plaintiff's complaint for failure to state a claim and for insufficient service of process.

1

## II. Legal Standard under Rule 12(b)(5) for Insufficient Service of Process

A motion pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure challenges the mode of delivery or lack of delivery of the summons and complaint. A Rule 12(b)(5) motion "turns on the legal sufficiency of the service of process." *Holly v. Metropolitan Transit Authority*, 213 Fed. Appx. 343, 344 (5th Cir. 2007). The party making the service has the burden of demonstrating the validity of service when an objection to that service is presented to the court. *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

## III. Analysis and Discussion

Rule 4(m) of the Federal Rules of Civil Procedure states that if a plaintiff fails to effect service of process on a defendant within 90 days after the complaint is filed, the court must, pursuant to a motion filed under Fed. R. Civ. P. 12(b)(5) or on its own accord, dismiss the action against that defendant or order that service be made within a specified time. *See* Fed. R. Civ. P. 4(m).

In the complaint in the case *sub judice*, the Plaintiff sues all of the Individual Plaintiffs **solely** in their individual capacities, but there is no evidence in the record to suggest that the Plaintiff has ever personally served any of these Individual Defendants in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. Instead, the Plaintiff sought to serve all of the Individual Defendants **solely** via service on the Defendant CoreCivic's registered agent for service, CT Corporation. [*See, e.g.,* Doc. No. 3]. CT Corporation, however, is not designated as the agent of service for any of these Individual Defendants, but rather is solely designated as the agent of service for the Defendant CoreCivic (who did not join this motion), and thus this service is plainly defective. "To the extent that a plaintiff sues a defendant in his individual capacity, he is required to serve such defendant personally, as an individual...." *McBride v. Davis*, No. 1:13-CV-27-HSO-

RHW, 2014 WL 232066, at *8 (S.D. Miss. Jan. 22, 2014); *Whitefoot v. Sheriff of Clay County*, No. 1:14CV113-SA-DAS, 2015 WL 3744003, at *5 (N.D. Miss. June 15, 2015) (warning plaintiff that failure to personally serve defendants sued in individual capacities "will result in their dismissal from the lawsuit"); *Omobude v. Mississippi Dept. of Finance and Admin.*, No. 3:10cv703-TSL-FKB, 2011 WL 346522, *1 (S.D. Miss. Jan. 31, 2012).

The Fifth Circuit has made clear that "a corporation's designated agent is not a proper agent for a corporation's employee who is sued in his individual capacity," as is the case here given that some of the Individual Defendants are current or former employees of the Defendant CoreCivic. *Chaney v. Races & Aces*, 590 Fed. Appx. 327, 332 (5th Cir. 2014); *Melton v. Wiley*, 262 Fed. Appx. 921, 923 (11th Cir. 2008) ("No provision is made [in Fed. R. Civ. P. 4] for leaving a copy [of the summons and complaint] at the individual's place of business or with the individual's employer.") In addition, although all of these Individual Defendants may have received notice of this action, the Fifth Circuit has ruled that "actual notice is not sufficient service of process" in cases where the subject defendant gains actual notice of the litigation through improper service or otherwise. *Ellibee v. Leonard*, 226 Fed. Appx. 351 (5th Cir. 2007); *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988).

Because the Plaintiff has clearly not effected proper service of process on any of the Individual Defendants, but rather has solely and improperly attempted to serve them via the Defendant CoreCivic's registered agent, the Court finds that the Plaintiff has failed to properly serve these individuals and the Court must therefore, pursuant to Rule 4(m), either dismiss this action or order that service be made within a specified time. *See* Fed. R. Civ. P. 4(m). The Court thus hereby notifies the Plaintiff that his individual capacity claims against any and all of these Individual Defendants – the Board of Directors for CoreCivic, Inc. (f/k/a Corrections Corporation

3

of America), Fred Figueroa, Sherry Linzy, Ronald Taylor, Shirley Ramiz, Stephanie Gurley, Marty Thomas, Calvin Stewart, Oaneer Delcid, Patricia Smith, Cathy Burnside, Kamala Grant, Kenneth Little, Charita Short, Scott Brady, Brooke Scallion, William Leavy, and Dennis Austin - will be dismissed from this action unless on or before December 24, 2017, the Plaintiff files proof of service with the Court demonstrating that he has properly personally served these individuals or shows good cause why he has been unable to personally and properly serve them during the lengthy period of time that has passed since this lawsuit was filed. Fed. R. Civ. P. 4(m).

### IV.   *Conclusion*

As explained above, the Fifth Circuit has ruled that a corporation's designated agent for service of process is not a proper agent for service of one of that corporation's employees who is sued in his individual capacity; because the Plaintiff herein tried to serve all of the Individual Defendants in such an improper manner, the Plaintiff's attempted service on these Defendants was defective and ineffective.

Accordingly, for all of the foregoing reasons, the Court shall grant in part the Individual Defendants' Renewed Motion to Dismiss for Failure to State a Claim and for Insufficient Service of Process **[Doc. No. 43]**, and the Plaintiff has sixty (60) days, until December 24, 2017, to properly serve these Defendants or face dismissal of his claims against them. Given this ruling, the Court herein does not address the Defendants' other arguments regarding dismissal of the Plaintiff's Complaint and therefore denies those portions of the Defendants' motion.

An order in accordance with this opinion shall issue this day.

THIS, the 25th day of October, 2017.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE