# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

| | |
|---|---|
| **LANDON MARTINEZ** | **PLAINTIFF** |
| V. | **CIVIL NO. 3:16-CV-289-GHD-RP** |
| **CORRECTIONS CORPORATION OF AMERICA, ET AL.** | **DEFENDANTS** |

## MEMORANDUM OPINION

Before this Court is a motion to dismiss [41] for failure to state a claim filed by Defendant CoreCivic, which was formerly known as Corrections Corporation of America. Having considered the motion, the Court finds it should be granted.

## I. FACTUAL AND PROCEDURAL HISTORY

The Tallahatchie County Correctional Facility ("TCCF") is a Mississippi correctional facility managed by CoreCivic under a contract with the Mississippi Department of Corrections. Pl. Comp. ¶ 4. Plaintiff Landon Martinez alleges that while incarcerated at TCCF, a CoreCivic employee struck him on the back of the head with a two-inch thick book. *Id.* ¶ 15. As a result he suffered, and continues to suffer, dizziness, migraines, memory loss, shortness of breath, anxiety attacks, swelling, pain, and other injuries. *Id.* ¶ 16.

Martinez claims that after reporting the incident, he did not receive medical care, nor did CoreCivic employees document or otherwise investigate the incident. *Id.* ¶¶ 18-22. Martinez also claims that after reporting the incident, the special dietary restrictions he follows as a religious practice "became interfered with or otherwise completely denied." *Id.* ¶¶ 23-25.

On July 21, 2016, Martinez filed this suit in the United States District Court for the Southern District of Mississippi against CoreCivic, then known as Correction Corporation of America, and a number of individual employees that worked at the TCCF. Both CoreCivic and the individual

employees filed motions to dismiss in the Southern District. That court found venue was proper in the United States District Court for the Northern District of Mississippi, and the case was transferred to this Court on December 12, 2016. Following the transfer, both CoreCivic and the individual defendants renewed their respective motions.

On October 25, 2017, this Court found that Martinez had failed to properly serve the individual defendants, and gave Martinez until December 24th, 2017, to serve those defendants and notify the Court that he had done so. Martinez failed to do so, and the individual defendants were dismissed.

Turning to the present motion, CoreCivic renewed its motion to dismiss in this court on December 22, 2016. Martinez has not yet filed a response to the motion. The time to do so has passed. The matter is ripe for review.

## II. STANDARD FOR DISMISSAL UNDER 12(b)(6)

Motions to dismiss pursuant to Rule 12(b)(6) "are viewed with disfavor and are rarely granted." *Kocurek v. Cuna Mut. Ins. Soc'y*, 459 F. App'x 371, 373 (5th Cir. 2012) (citing *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003)). When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)).

"[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." ' " *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))). A claim is facially plausible when the pleaded factual content "allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (per curiam) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Hous. Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

### III. ANALYSIS

CoreCivic's arguments for why Martinez's claims against it should be dismissed can be divided into two parts. First, CoreCivic argues that Martinez has failed to state a § 1983 claim against it because Martinez has not established a direct claim against CoreCivic because any constitutional violations the individual defendants may have committed cannot be attributed to CoreCivic. Second, CoreCivic argues that Martinez has failed to allege sufficient facts showing that any defendant was negligent, and thus the negligence-based claims (negligence, gross negligence, negligent hiring and supervision, professional malpractice, and *respondeat superior*) should be dismissed.

3

### A. § 1983 Claims

Martinez claims that constitutional violations occurred when a CoreCivic employee struck him with a book, when employees denied him access to medical care, when employees ignored his report of his assault, and when the Defendants interfered with his religious dietary needs.

CoreCivic argues that Martinez has not stated sufficient facts to state a claim for relief under § 1983. Specifically, it argues that the complaint does not show a policy that is causally linked to a constitutional injury. It further argues that Martinez has failed to show that CoreCivic or any of its employees interfered with his religious dietary practices.

A municipality – or in this case, a private corporation performing an essential government function, "cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); *Rosborough v. Management & Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003). The plaintiff must instead establish direct liability by showing "1) a policymaker; 2) an official policy; 3) and a violation of constitutional rights whose "moving force" is the policy or custom. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003). An official policy may be " '[a] policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's law-making officials or by an official to whom the lawmakers have delegated policy-making authority.' " *Okon v. Harris County Hospital District*, 426 Fed.Appx. 312, 316 (5th Cir.2011), (quoting *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir.1984)(*en banc*), *cert. denied*, 472 U.S. 1016, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985)). Alternatively it may be a " 'a persistent, widespread practice ... which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy.' " *G.M. ex rel. Lopez v. Shelton*, 595 F. App'x 262, 265 (5th Cir. 2014)(quoting *Webster v. City of Hous.*, 735 F.2d 838, 841 (5th Cir. 1984). Importantly, "[t]he description of a policy or

custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir.1997) (citing *Fraire v. Arlington*, 957 F.2d 1268, 1277 (5th Cir.1992)).

To establish that the violation occurred because an employer failed to train or supervise its employees, a plaintiff must show "that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005)(internal quotations omitted.)

" '[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 410, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) "For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Smith v. Brenoettsy*, 148 F.3d 908, 912 (5th Cir. 1998)(internal quotations omitted). "To satisfy the deliberate indifference prong, a plaintiff usually must demonstrate a pattern of violations and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation." *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003)("internal quotations omitted.)

Applying these standards to the case *sub judice*, Martinez must show that CoreCivic adopted a specific policy, or that certain practices were so widespread and common at TCCF that they constituted a CoreCivic policy. Finally, Martinez must show the causal link from that policy

to the constitutional injuries. To state a § 1983 claim for failure to train and supervise, Martinez must show that CoreCivic failed to train or supervise employees, that this failure caused the constitutional violations that injured him, and that CoreCivic's failure amounted to deliberate indifference.

Martinez, in his complaint, does not provide any specific official statements, ordinances, regulations, or decisions promulgated or adopted by CoreCivic. Moreover, the complaint lacks the factual particularity required to establish that the practices alleged therein were widespread. His complaint relies entirely on conclusory statements that these policies and practices caused the constitutional violations. He fails to provide specific facts that link these policies to the constitutional violations he endured.

Nor are there any facts in the complaint that show that CoreCivic or its employees interfered with his religious dietary practices. With regard to this claim, the complaint states only that Martinez observed certain dietary restrictions as a religions practice and that "Shortly after reporting the matter, Plaintiff's dietary measures became interfered with or otherwise completely denied." Pl. Comp. ¶ 25. Plaintiff does not provide anything above a conclusory statement a factual basis for his claim. Indeed, the quoted paragraph does not even allege that it was the Defendants who interfered with his religious practices.

Finally, Martinez alleges no facts that could would establish that CoreCivic failed to train or supervise its employees or that its failure amounted to deliberate indifference. He does not establish a pattern a violations or allege any inadequate training that could meet that standard.

The Court finds that the plaintiff has failed to state a valid § 1983 claim against CoreCivic and, therefore those claims against CoreCivic must be dismissed.

### B. Other Claims

Martinez also alleges several common law claims against CoreCivic and its employees. He alleges that CoreCivic was directly negligent in its hiring and training of employees. He also claims that CoreCivic is vicariously liable for the actions of its employees, including the battery he suffered, and professional malpractice that occurred when CoreCivic employee's refused to provide him medical care.

Much like his § 1983 claims, almost all of Martinez's common law claims are completely devoid of any factual allegations. He does not allege any acts on the part of CoreCivic that would constitute negligence in their hiring and training provisions. Nor, does he allege any actions by its employees that form a plausible basis for a professional malpractice claim.

In fact the only event of which the complaint contains specific factual allegations is Martinez's claim that a CoreCivic employee struck him on the back of the head with a book. This is the only claim within the complaint that could meet federal pleading standards. Of course, that does not mean that Martinez has sufficiently pleaded that CoreCivic bears any liability for its employee's actions.

Under Mississippi law, an employer is vicariously liable for intentional torts committed by its employees committed in the course and scope of employment. *Jones v. B.L. Dev. Corp.*, 940 So. 2d 961, 966 (Miss. Ct. App. 2006). An act is within the scope of employment when it (1) is the kind the employee is employed to perform, (2) occurs substantially within the authorized space and time limits, (3) is actuated, at least in part, by a purpose to serve the employer, (4) and if force is intentionally used, it is not unexpected by the empoyer. *Id.*

Martinez alleges that the CoreCivic employee, identified in the complaint only as Linzy, was his instructor in a computer course offer at TCCF. Pl. Comp. ¶ 13. The complaint alleges no other facts about the nature of Linzy's employment. Thus, at the very least, the complaint fails to

7

allege facts that would could plausible support a finding that Linzy's action (striking Martinez with a book) was the kind of act CoreCivic employed he or she to perform (instructing the computer course). Martinez complaint thus fails to state a claim for relief against CoreCivic for Linzy's actions, and Martinez's claims shall therefore be dismissed.

## IV. CONCLUSION

The Court finds that Martinez has failed to properly state a claim against CoreCivic under 18 U.S.C. § 1983. The Court also finds that Martinez has failed to state his common-law claims against CoreCivic. Accordingly, the Court finds that CoreCivic's motion to dismiss [41] should be granted.

An order in accordance with this opinion shall issue this day.
This, the 8a day of February, 2018.

_____
SENIOR U.S. DISTRICT JUDGE