IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| LANDON MARTINEZ | PLAINTIFF |
| V. | CIVIL NO. 3:16-CV-289-GHD-RP |
| CORRECTIONS CORPORATION OF AMERICA, INC., et al. | DEFENDANTS |

**MEMORANDUM OPINION DENYING MOTION FOR A NEW TRIAL**

Before this Court is Plaintiff Landon Martinez's Rule 59 motion for a new trial [69]. Having considered the motion, the Court finds it should be denied.

Martinez alleges that, while he was incarcerated at the Tallahatchie County Correctional Facility ("TCCF"), managed by Defendant Corrections Corporation of America, Defendants violated his civil rights by assaulting him and denying him medical care. Martinez initially filed his suit against Corrections Corporation of America and a number of individual employees that worked at TCCF in the United States District Court for the Southern District of Mississippi. Venue was transferred to this Court, and thereafter, the Court found that Martinez had failed to serve the individual defendants. The claims against those defendants were dismissed by order of this Court on February 7, 2018. The Court also found that Martinez had failed to state a claim for relief against Corrections Corporation of America and dismissed Martinez's claims against them on February 9, 2018.

Martinez has now filed the present motion asking this Court to set aside the previous orders and reinstate his claim against all defendants. His motion is not accompanied by a memorandum brief, nor does it contain any citations to relevant case-law or the record in this case.

1

A Rule 59 motion may only be granted on the following grounds: "(1) to correct manifest errors of law or fact upon which judgment is based; (2) the availability of new evidence; (3) the need to prevent manifest injustice; or (4) an intervening change in controlling law." *Benjamin Moore & Co. v. Borden*, 318 F.3d 626, 629 (5th Cir. 2002). A party should not attempt to use the Rule 59 motion for the purpose of "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004), (citing *Simon v. U.S.*, 81 F.2d 1154, 1159 (5th Cir. 1990)).

This Local Rules of the Northern and Southern Districts of Mississippi require that "[a]t the time [a] motion is served . . . counsel for movant *must* file a memorandum brief in support of the motion." L.U. CIV. R. 7(b)(4) (emphasis added). The Rule admonishes that "[f]ailure to submit the required motion documents may result in the denial of the motion." *Id.* "Generally, where a defendant does not provide a memorandum of authorities in support of its motion and [does] not cite any cases supporting its claim . . . the proper course is to deny the motion." *C.W.P. v. Brown*, 56 F.Supp.3d 834, 839 (N.D. Miss. 2014)(citing *Bruner v. Cemex, Inc.*, No. 1:08-cv-1386-LG, 2010 WL 3455244 (S.D. Miss. Aug. 27, 2010)); *see Aries Building Systems, LLC v. Pike Cnty.*, No. 5:16-cv-16-DCB, 2016, WL 6442486; *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.").

By failing to file a memorandum brief in support of his arguments, Martinez has failed to establish that he is entitled to relief under Rule 59, and he has failed to comply with the local rules of this Court. *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (recognizing it is

the movant's burden to clearly establish a manifest error on a Rule 59(e) motion.) His motion should be denied on both grounds.

An order in accordance with this opinion shall issue.

This, the 9th day of April, 2018.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE